UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20673-CIV-ALTONAGA

**JULIO CESAR ESCALONA NARANJO**,

    Petitioner,
v.

**MIAMI IMMIGRATION AND
CUSTOMS ENFORCEMENT FIELD
OFFICE DIRECTOR**, *et al.*,

    Respondents.
_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Julio Cesar Escalona Naranjo's Petition for Writ of Habeas Corpus [ECF No. 1], filed on February 2, 2026. Petitioner challenges his detention at the Broward Transitional Center ("BTC") in Pompano Beach, Florida. (*See generally id.*). Respondents filed a Response [ECF No. 5], to which Petitioner filed a Reply [ECF No. 6]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is granted in part.

### I. BACKGROUND

Petitioner is a Cuban citizen who entered the United States without inspection on August 27, 2022. (*See* Pet. ¶¶ 7, 20). Shortly after entering the country, Petitioner was placed in standard removal proceedings under 8 U.S.C. section 1229a. (*See id.* ¶ 20). Petitioner was issued a Notice to Appear, charging him as "an alien present in the United States who has not been admitted or paroled." (*Id.*, Ex. 1, Notice to Appear [ECF No. 1-1] 1).[1] Petitioner filed an I-589 application

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case 1:26-cv-20673-CMA   Document 7   Entered on FLSD Docket 02/19/2026   Page 2 of 6

CASE NO. 26-20673-CIV-ALTONAGA

for asylum that remains pending with U.S. Citizenship and Immigration Services ("USCIS"). (*See* Pet. ¶ 20).

On October 23, 2025, Petitioner was "detained by immigration agents after a roadside stop" and transferred to the custody of Immigration and Customs Enforcement ("ICE"). (*Id.* ¶¶ 21–22). On December 9, 2025, an Immigration Judge ("IJ") conducted a bond hearing and summarily denied Petitioner bond. (*See id.* ¶¶ 2, 25). Petitioner remains detained at BTC. (*See id.* ¶ 27).

On February 2, 2026, Petitioner filed his Petition, asserting three claims for relief. (*See generally id.*). In Count I, he alleges that "denying Petitioner the opportunity for individualized review" without justification is a "violation of substantive due process" under the Fifth Amendment. (*Id.* ¶ 51). In Count II, he similarly alleges that the Government's continued denial of a bond hearing "violate[s] the procedural component of the Due Process Clause of the Fifth Amendment." (*Id.* ¶ 53 (alteration added)). In Count III, Petitioner contends that "[c]ontinued confinement under [section] 1225(b)(2) exceeds the [G]overnment's statutory authority and violates both the INA and the Due Process Clause of the Fifth Amendment." (*Id.* ¶ 55 (alterations added)).

Respondents submitted an abbreviated Response incorporating arguments raised in the opposition brief in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 4). In *Puga*, the respondents unsuccessfully argued that the petitioner had failed to exhaust administrative remedies, and petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A). *See Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga* Opp'n Br.") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

***Administrative Exhaustion.***  Respondents contend Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the Board of Immigration Appeals ("BIA").  (*See Puga* Opp'n Br. 3).  Petitioner notes that the BIA decided in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), that noncitizens like Petitioner who have resided in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2).  (*See* Pet. ¶¶ 2, 18).

In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion" and therefore relieves a petitioner of exhaustion requirements.  *Puga*, 2025 WL 2938369, at *2.  Respondents supply no reason to depart from the Court's reasoning in *Puga* (*see generally* Resp.; *see also id.* 4 (acknowledging *Puga* "would control the result here")), and the Court therefore finds Petitioner is not required to challenge his detention before the BIA.

***Count III: INA Claim.***  Petitioner argues that his detention under section 1225(b)(2) is unlawful, as 8 U.S.C. section 1226(a) governs his detention.  (*See* Pet. ¶¶ 28–36, 54–55). Respondents maintain Petitioner is subject to mandatory detention under section 1225(b)(2)

"because he was present in the United States without being admitted or paroled." (Resp. 2 (citations omitted)).

As Respondents recognize, courts within this District and the undersigned have rejected the arguments Respondents make here. (*See id.* 2–4 (listing cases)). Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome. Instead, Respondents unpersuasively submit an abbreviated brief incorporating arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 2). Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention. *See Puga*, 2025 WL 2938396, at *4–5.

The critical distinction between sections 1225(b)(2) and 1226(a) is that "noncitizens detained under [section] 1226(a) are entitled to individualized bond hearings[,] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (alterations added; citations omitted); whereas those detained under section 1225(b)(2) are not, *see id.* at 297; *see also, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted); *Patel v. Hardin*, No. 25-cv-870, 2025 WL 3442706, at *2 (M.D. Fla. Dec. 1, 2025). Here, although Petitioner had a bond hearing before an IJ on December 9, 2025 (*see* Pet. ¶ 2), the IJ summarily denied his request for bond without reaching the merits, citing the BIA's decision in *Hurtado* (*see id.*). As the Court concluded in *Puga*, because Petitioner is detained under section 1226(a), he is entitled to an individualized bond hearing. *Puga*, 2025 WL 2938369, at *5.[2]

---

[2] The Court declines to reach the merits of Counts I and II, Petitioner's Fifth Amendment due process claims, as it grants the relief Petitioner seeks in Count III. (*See* Pet. ¶¶ 54–55); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)). If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claims. And because Counts I and II are unripe claims contingent on Petitioner not receiving an individualized custody determination hearing under

4

***Attorney's Fees.*** In his general prayer for relief, Petitioner seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). (*See* Pet. 16–17). Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412). The statute extends to prevailing parties in civil actions against "any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a) (alteration added). Habeas corpus petitions are civil actions. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature." (citation omitted)); *see also Ex parte Tom Tong*, 108 U.S. 556, 559 (1883) ("The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. . . . Proceedings to enforce civil rights are civil proceedings[.]" (alterations added; italics in original)).

To be eligible for fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)). As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing he is a prevailing party, the amount sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May 5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made

---

8 U.S.C. section 1226(a), the Court dismisses them without prejudice. *See Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (quotation marks and citations omitted)). The Court will terminate such motion should an appeal not have been filed or if an appeal is pending, and reinstate it, if appropriate, after resolution of the appeal.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner, Julio Cesar Escalona Naranjo's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2. Counts I and II of the Petition for Writ of Habeas Corpus **[ECF No. 1]** are **DISMISSED without prejudice**

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 19th day of February, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record